[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by the complaint of the plaintiff Peter J. Gianotti dated March 25, 1994 with a return date of April 26, 1994. The defendant Robert L. Ennis, Jr. filed his answer to said complaint on May 27, 1994. Both the plaintiff and defendant testified in this matter. CT Page 6849
The plaintiff who is a painting contractor testified he met the defendant through George Becker at a Christmas party in 1988. Mr. Becker was a general contractor for whom the plaintiff did work. The defendant was and is a real estate agent. The plaintiff testified that at said Christmas party the defendant told him that he was trying to put a real estate partnership together to invest in the real estate market. The plaintiff testified that in November 1989 the defendant and Mr. Becker approached him about buying land in South Carolina and that they stated to him that if he did so he could turn a profit of $7000.00 in one month. As a result of that conversation the plaintiff entered into two contracts for the purchase of real estate wherein the defendant and George E. Becker were the sellers. One of these contracts was entered into evidence as Exhibit A. The second contract was not entered into evidence but the plaintiff testified it was exactly the same as Exhibit A except that it was for lot #116. Mr. Becker was not present at the contract signing and did not sign Exhibit A. The plaintiff testified he was instructed by the defendant to make out the check for the deposit relative to the contracts to GNC. (Exhibit B). The check was for $10,000.00 and was for a $5,000.00 deposit on each of two lots. The plaintiff testified that the defendant agreed to waive $700.00 in closing costs on each contract. Exhibit A calls for a deposit of $5700.00. The plaintiff also testified that the defendant was going to take care of all the financing for him. About one week after the plaintiff paid the deposit the defendant informed him that the bank said he (plaintiff) was over extended and would not approve the financing for the lot purchases. The plaintiff asked for his $10,000.00 back and he was told by the defendant that he would receive said monies within one week. When the plaintiff did not receive the return of the deposit he stated Mr. Becker and the defendant told him that they had invested said $10,000.00 in land in South Carolina and that he would receive the deposit back in one week. The plaintiff has never received the return of said deposit. Subsequently the parties had a meeting in an attorney's office and the plaintiff testified that at that meeting the defendant told him that he (plaintiff) could not touch him (defendant) because all of his assets were in his wife's name.
The plaintiff testified that at the time he had no idea why the defendant told him to make out the deposit check to GNC. The plaintiff said he later learned Great Northern Development Corporation was a Connecticut corporation formed on January 2, 1989 and that defendant's wife was the President and Mr. Becker's wife CT Page 6850 the Secretary-Treasurer of said corporation. (Exhibit C) The defendant also testified that he was appointed agent for said corporation. It is interesting to note that the plaintiff's deposit check was endorsed,
 For Deposit Only Great Northern Development Corp Acct #620-012-395
(Exhibit B)
The defendant testified that he does not remember talking to the plaintiff about a real estate partnership at a Christmas party in 1988 because he does not remember such a party. It interesting to note that shortly after Christmas 1988 Great Northern Development Corporation was incorporated on January 2, 1989. The defendant said he signed the two contracts with the plaintiff, one being Exhibit A at his office but that he did not receive the deposit check of $10,000.00 nor did he ever see it until a real estate commission hearing on this matter. The defendant testified that the plaintiff was supposed to give the $10,000.00 deposit check to George Becker. The defendant testified that the plaintiff had two applications for financing with Southeast Savings and Loan Bank for these lots and for a condominium. He testified said bank would only approve one of the applications and the plaintiff chose to buy the condominium. He stated as a result the subject contracts became a nullity. The defendant testified that the plaintiff first made a demand on him for said $10,000.00 in 1992 at a meeting in an attorney's office. The defendant also testified he got a call from George Becker who said the plaintiff stole $10,000.00 from his wife (Plaintiff) and she wanted the money returned or she was going to divorce him. The defendant testified that he would not sign a $10,000.00 promissory note to the plaintiff because he did owe him any money. The defendant testified that Great Northern Development Corporation was formed be his wife and Denise A. Becker to obtain financing for building and selling homes. On questioning from the court the defendant professed to know very little about this corporation. The defendant testified when questioned by the court that at one time he turned over title to six real estate properties to his wife because they were contemplating a divorce and he wanted to protect his children.
After hearing the evidence the court finds the issues for the plaintiff. The plaintiff is seeking $10,000.00 plus interest CT Page 6851 payable within thirty days.
The Court orders that judgment enter for the plaintiff Peter J. Gianotti and against the defendant Robert L. Ennis, Jr. in the amount of $10,000.00 plus interest at the rate of eight percent (8%) per annum from November 28, 1989, the date on which the plaintiff paid the deposit money of $10,000.00 to the defendant. The Court computes that interest from November 28, 1989 to December 10, 1996 the date of the trial of this matter to be $5626.64. Therefore, Judgment shall enter against the defendant and in favor of the plaintiff in the amount of $15,626.64 plus costs of suit.
Judgment may enter accordingly.
William J. Sullivan, Judge